**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**GEORGE DE WERD & SONS, Defendant**

No. 718-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 12, 1973

WARREN M. PULNER, ESQ., St. Thomas, V.I., *for plaintiff*

CURTIS E. TATAR, ESQ., St. Thomas, V.I., *for plaintiff*

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for defendant*

HOFFMAN, *Judge*

## MEMORANDUM OPINION

The complaint in this action was filed on July 7, 1971, and the answer was filed on August 16, 1971. The case was then set down for trial on September 24, 1971. Since that date a series of adjournments has made of this case a landmark of inefficiency in the administration of justice. A recital of the events will prove appropriate.

The September 24, 1971 hearing was adjourned at the request of defendant's counsel because of his holiday

plans. On October 13, 1971, the adjourned date, the defendant's counsel was still absent, and the matter was put over until November 3, 1971. On this date both counsel and parties were present, but at mutual request the matter was continued to December 8, 1971, and set "peremptorily." Then on November 23, 1971 the defendant sought to amend his original denial to include a plea of the Statute of Limitations and the defense of prior payment. In addition, the defendant sought to recover by counterclaim the amount which plaintiff had sued for. When the matter was called on December 8, 1971, the Plaintiff asked for a continuance due to his witness being off island. This request was granted, and the defendant was allowed to amend and instructed to file a proper pleading. Trial was set for January 1, 1972, but on this date the parties submitted a stipulation requesting adjournment due to the defendant's hospitalization. A February date was then set, but due to a death in the family of plaintiff's counsel a continuance was allowed until March 8, 1972. On this date the defendant finally submitted his amended answer, and trial was set for April 5, 1972. Prior to this trial date, on March 14, 1972, the plaintiff moved to amend his original complaint of July 7, 1971. On March 22, 1972, argument was heard on the motion, and it was granted. At that time the defendant stipulated with plaintiff that defendant's amended answer of March 8, 1972, would constitute his pleading in response to Plaintiff's amended complaint of March 22, 1972. Again at the parties' request, the case when called on April 5, 1972, was adjourned to April 26, 1972. On this date the case was continued again due to defendant's counsel's appearance at that time before the District Court; the matter was put over to May 24, 1972. At this hearing the defendant did not appear and the Court ordered the parties to submit by May 31, 1972, a stipulated, peremptory trial date. On

July 12, 1972 the selected date, the hearing finally began and testimony was taken, but the trial had to be adjourned and July 31, 1972 was set as the date for completion of testimony. After a conference with the Court in chambers on July 28, 1972, the trial was continued on August 16, 1972. On that date the Court agreed to the stipulation of the parties requesting that the case be marked *sine die*.

On December 13, 1972 the matter again came on for hearing, but owing to the death of defendant's counsel's associate counsel the matter was postponed to February 18, 1973, when the hearing was completed.

■ The Court has presented the tedious history of this case to impress on all counsel—the present ones included—that such procedure is a thing of the past. In the future cases before the Court will be presented expeditiously or disposed of by dismissal or default.

The pleadings as amended by both counsel in this cause raise a single issue: Whether the defendant paid to the government the amount of $500.72 as a premium for the Government insurance fund for the year 1962. The defendant has stipulated to a withdrawal of his counterclaim and the defenses of prior payment and the Statute of Limitations.

■ From the testimony of the parties, in consideration of the credibility of each, the Court finds as a matter of fact that the defendant did not pay the premium due for 1962. Accordingly, judgment shall be entered for the plaintiff in the amount of $500.72 *without costs*. No interest is allowed. The progress of this case as outlined above convinces the Court that an award of attorney's fees would be inappropriate; thus each side shall bear its own attorney's fees.

■ As to the requested injunctive relief, the Court declines to enjoin any business of the defendant. The authority for such an injunction, 24 V.I.C. 277(d) was

enacted years after this cause of action arose and cannot be the basis for injunctive relief in this matter.